IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT



NO.: 23-1821

RECEIVED
JUN 20 2023
U.S.C.A. 3rd. CIR

UNITED STATES OF AMERICA,
       Appellee

vs.

ARTHUR ROWLAND,
       Appellant.

ON APPEAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA ON ORDER DENYING MOTION FOR RETURN OF PROPERTY

OPENING BRIEF OF APPELLANT.

PRO-SE

ARTHUR ROWLAND
# 76947-066
U.S.P. HAZELTON
P.O. box 2

# Table of Contents

Table of Authorities ............................................ iii, iv

Statement of Jurisdiction ................................. 1.

Statement of Issues ........................................... 1.

Statement of the Case ....................................... 2.

    A. Procedural History ................................. 1.

    B. Statement of the Facts ............................ 4.

Summary of the Facts ......................................... 4.

    Argument .......................................................... 5.

I. THE DISTRICT COURT ERRED AND ABUSED ITS DESCRETION BY DENYING DEFENDANTS MOTION FOR RETURN OF PROPERTY. ............................... 5.

    A. Standard of Review ................................. 5.

    B. Discussion .................................................. 6.

CONClUSiON ———————————— 10.

REQUeST FOR ORAl ARgUMeNT ———————— 10.

CERTiFiCATE OF COMpliANCE WiTH RUlE (32) 11.

CERTiFiCATE OF SErvice. ——————— 11.

# TABLE OF AUTHORITIES            pg

## CASES.

- U.S. vs. Parlavecchio, 192 F.Supp.2d. 349 350-52 (M.D. PA. 2002) ——————— 8

- Chambers, 192 F.3d at 377. ——————— 9

- U.S. vs. Cauwenberghe, 934 F.2d 1048, 1061 ——— 9

STATUTE
- 21 U.S.C § 846
- 21 U.S.C § 841(b)(1)(A)

OTHER AUTHORITIES

- FED R. C. P. 41(E)

## STATEMENT OF JURISDICTION

This is an appeal from the Eastern District of Pennsylvania on an order denying defendants motion for return of property

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. Final judgement was entered against the appellant on this matter on 3-23-23. He filed a timely notice of appeal on 4-1-23. This court has jurisdiction pursuant to 28 U.S.C. § 1291

## STATEMENT OF THE ISSUES

I. Whether the district court erred and abused its descretion by denying defendant motion for return of property.

1.

## STATEMENT OF THE CASE

A. Procedural History

On December 12, 2018, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging Arthur Rowland and others with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

On December 14, 2018, Arthur Rowland was arrested. On January 9, 2019, the grand jury returned a superseding indictment, in addition to maintaining the original conspiracy it added Jeffrey Stamps to the conspiracy.

On October 9, 2019, the grand jury returned a second superseding indictment. In addition to charging Banks prior convictions, the second superseding indictment (i) added substantive narcotics and firearms charges against Rowland and others; and (II) added a new defendant. Rowland was arraigned on October 23, 2019.

2.

On February 10, 2022, Rowland proceeded to a trial. On February 23, 2022, the jury found the defendant guilty of Count (6) of the second superseding indictment (possession of a firearm by a felon) but hung on the remaining counts. The court granted the defense's unopposed motion for mistrial on counts 1-5.

The retrial started on 4-21-22. On 5-2-22, Rowland was found guilty on counts 1-4 of the second superseding indictment.

On October 13, 2022, Rowland was sentenced to a term of 480 months' imprisonment, five years supervised release, and a $500.00 special assessment. On October 27, 2022, Rowland filed a notice of appeal of his conviction and sentence to the United States Court of Appeals for the Third Circuit. That appeal remains pending.

Rowland now moves to have certain property that was seized from him during the investigation and prosecution of the criminal case returned to him (Docket No. 503)

## STATEMENT OF FACTS

On January 2018, the Philadelphia Office of the FBI received a tip alleging large scale drug trafficking by Curshawn Banks.

Investigation by the FBI, established that Banks was involved in the interstate mailing of illegal narcotics

Among the residences for which search warrants were approved based on the master affidavit was Unit 14 Q of the Park Plaza Condominiums, 3900 Ford Road, Philadelphia, PA (the "Ford-Road Residence") The management of the building identified defendant Arthur Rowland as the tenant of Unit 14 Q

On December 14, 2018, the FBI executed this Court's warrant at the Ford Residence. Agents found $10,000 in U.S. currency and another $6,900 in cash in the pocket of a pair of jogging pants. Also recovered from Rowland's apartment were a number of items of jewelry, including a diamond pendant that spelled out the word Bo", Other items, such as documents, telephones, and indicia of occupancy, were also seized -

– FROM THE APARTMENT.

Rowland was arrested at the time of the search of the Ford Road residence on December 14, 2018.

## ARGUMENT

I. THE DISTRICT COURT ERRED AND ABUSED ITS DESCRETION BY DENYING DEFENDANTS MOTION FOR RETURN OF PROPERTY.

A. STANDARD OF REVIEW.

In reviewing the district court's ruling on a motion to return property, this court reviews findings of fact for clear error and conclusions of law de novo.

---

In reviewing the district courts descretion this court looks for abuse in a district courts descretion.

---

B. Discussion

Rowland was arrested December 19, 2018. At that time, numerous items were located by the FBI. Some of these items have been administratively or judicially forfeited.

Other items, such as documents, credit cards, jewelry, and telephones, remain in the possession of the F.B.I., Rowland moved the District Court to return certain items of jewelry.

Federal Rule of Criminal Procedure 41(g) governs motions for return of seized property.

Here, the defendant seeks the return of nine specific items of jewelry:

1. 18K gold 40 mm Yacht Master Rolex watch
2. 18K gold and silver Submariner Rolex watch.
3. 18K gold David Yurman bracelet.
4. 18K rose gold David Yurman bracelet
5. 18K gold diamond bracelet - tennis
6. 18K gold rose diamond bracelet - tennis
7. 18K gold diamond tennis necklace.

8. 18K gold diamond "BO" pendant.
9. 14K gold bracelet with 4-26-54

Item number seven is the necklace on which item eight the pendant "BO" is suspended on. These nine items identified by Rowland appear on the government's warrant returns and evidence logs. The government does not contend that these items are contraband, nor does the government seek to forfeit those specific items

Rather the government only contends that the nine items that Rowland seeks to have returned are still of potential evidentiary value should Rowland seek reversal of his conviction on a direct appeal or under 28 U.S.C. § 2255, and succeed.
Thus, because they claim the criminal case is not concluded, they move to deny the appellants motion.

The district court denied Rowland's motion for return of property determining the potential for subsequent collateral attacks the criminal proceedings against Rowland were not terminated and Rowland has not

- demonstrated that he is entitled to the return of the property at that time.

This apellate court has jurisdiction because the motion for return of property was filed after the entry of final judgement an is considered an eqaitable civil proceeding <u>U.S. vs. Parlavecchio, 192. F. Supp. 2d 349, 350-52 (M.D. PA. 2002) AFF'd, 57 FED. App'x 917, 2003 WL 68073 (3d. Cir Jan 9, 2003)</u>

Moreover, the government only used (3) out of the (9) items for the purpose of proving indicia of residence.
Specifically, the government only presented items (2), (7), and (8) during the course of two seperate trials.

The other (6) items are of no evidentiary value. because they were never introduced at any of the defendants trials.
The district court abused its descretion by concluding that these (6) items were needed for potential proceeding in the future.

8.

- THUS, THE GOVERNMENT FAILED TO MEET ITS BURDEN TO DEMONSTRATE THAT IT HAS A LEGITIMATE REASON TO RETAIN DEFENDANT'S PROPERTY. SEE <u>CHAMBERS, 192 F.3d AT 377</u> "AT THAT POINT, THE PERSON FROM WHOM THE PROPERTY IS SEIZED IS PRESUMED TO HAVE A RIGHT TO ITS RETURN, AND THE GOVERNMENT MUST DEMONSTRATE THAT IT HAS A LEGITIMATE REASON TO RETAIN THE PROPERTY.

IN <u>U.S. VS. CAUWENBERGHE, 934 F.2d 1048, 1061</u> THE THIRD CIRCUIT REQUIRES THAT THE "GOVERNMENT MUST DO MORE THAN STATE, WITHOUT DOCUMENTARY [OR OTHER EVIDENTIARY] SUPPORT. (Id)

THE DEFENDANT HAS STIPULATED TO SEVERAL PIECES OF POTENTIAL EVIDENCE IN THE PAST IN AN EFFORT TO SAVE THE COURTS AND THE GOVERNMENTS TIME. THE DEFENDANT WOULD HAVE BEEN WILLING TO STIPULATE TO ANY MENTIONING OF ANY JEWLERY IN ANY FUTURE PROCEEDINGS AND IT WAS AN ABUSE OF DESCRETION FOR THE DISTRICT COURT TO NOT IMPOSE ANY REASONABLE CONDITIONS TO HAVE THE DEFENDANT POSSESS HIS PROPERTY AND NOT CAUSE UNDUE HARDSHIP ON THE DEFENDANT.

## CONCLUSION

For the foregoing reasons, the district court abused its descretion when it denied the defendants Arthur Rowland's motion to return nine items of property.

Respectfully submitted

/s/ Arthur Rowland

ARTHUR ROWLAND
# 76947-066
U.S.P. HAZELTON
P.O. box 2000
BRUCETON Mills W.V. 26525

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument

Respectfully submitted on 6-5-23

ARTHUR ROWLAND
# 76947-066
U.S.P. HAZELTON
P.O. box 2000
BRUCETON Mills WV 26525

## CERTIFICATE OF COMPLIANCE

CERTIFICATE OF COMPLIANCE, THIS BRIEF COMPLIES WITH ALL RULES AND REQUIREMENTS OF Fed. R. App. P. 32.

6-5-23

ARTHUR ROWLAND
# 76947-066
U.S.P. HAZELTON
P.O. BOX 2000
BRUCETON MILLS WV
26525

## CERTIFICATE OF SERVICE

IN ACCORDANCE WITH RULE 25 OF THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT, I HEREBY CERTIFY THAT ON 6-5-23, I CAUSED THE FOREGOING OPENING BRIEF OF THE APPELLANTS TO BE FILED WITH THE CLERK OF COURT, WHICH WILL SEND NOTIFICATION OF SUCH FILING AND I HAVE ALSO CAUSED THE MAILING OF A COPY TO ALL OPPOSSING PARTIES.

ARTHUR ROWLAND
# 76947-066
U.S.P. HAZELTON
P.O. BOX 2000
BRUCETON MILLS WV 26525

11.



A#
#76947-066
U.S. Penitentiary Hazelton
P.O. box 2000
Bruceton Mills WV 26525

Clerk of Court
U.S. Court of Appeals
Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

U.S.M.S.
MAIL

Legal Mail

Legal mail

6-7-23